PEIRCE (WEBB v.). See Cases Nos. 17,820 and 17,321.

---

## Case No. 10,909.

### PEIRCE v. WEST.

[Pet. C. C. 351.] [2]

Circuit Court, D. Pennsylvania. Oct. Term, 1816.

EQUITY — EFFECT OF FAILURE TO FILE GENERAL REPLICATION — EVIDENCE TO CONTRADICT ANSWER — LEAVE TO FILE REPLICATION AFTER CAUSE SET DOWN FOR HEARING.

1. If the complainant in a bill in chancery, does not file a general replication to the answers of the defendant, the answer is to be taken as true, and no evidence can be given by the complainant to contradict it.

[Cited in The Mary Jane, Case 9,215; Pierce v. Brown, 7 Wall. (74 U. S.) 212.]

[Cited in brief in Ballantine's Appeal, 67 Pa. St. 182.]

2. After a cause was set down for hearing on bill and answer, and a reference to the auditor, the plaintiff was allowed to file a general replication.

[Cited in Jameson v. Conway, 10 Ill. 230. Distinguished in Snyder v. Martin, 17 W. Va. 283.]

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

[2] [Reported by Richard Peters, Jr., Esq.]

The cause was set down for hearing on bill and answer, and at a former court an account was directed. When the case came on before the auditor, the defendants [West's executors] insisted that the answer was to be taken as true, and that no evidence could be given by the plaintiff to disprove it. Upon this the auditor adjourned the case, that the complainant might have an opportunity to move the court to allow an amendment, by suffering the complainant to file a general replication.

The complainant now moved to set aside the order of reference, and to allow the amendment to be made.

BY THE COURT. The irregularity which has taken place in this case, appears to have arisen from the want of an intimate acquaintance with chancery practice, by gentlemen of the profession in this state, where there is no court of chancery. We feel therefore disposed, on that account, to be more indulgent than we should otherwise think correct; and as no inconvenience can arise to the defendants by allowing the amendment, except that of depriving them of an advantage, which the mistake of the counsel on the other side has given them, the court grant the motion.

[For a hearing on the amended bill, see Case No. 10,910.]